Opinion issued June 13, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————

NO. 01-13-00394-CR
NO. 01-13-00395-CR

————————

**LAMAR CORNELIUS BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause Nos. 1334005 & 1339422

## MEMORANDUM OPINION

Appellant Lamar Cornelius Brown pleaded guilty to two felony offenses of aggravated robbery with a deadly weapon. The trial court found appellant guilty of both offenses, and in accordance with the terms of appellant's plea agreements with the State, sentenced appellant to confinement for 18 years in the Institutional

Division of the Texas Department of Criminal Justice for each offense, to run concurrently. Appellant has filed *pro se* notices of appeal. We dismiss the appeals.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certifications are included in the records on appeal. *See id.* The trial court's certifications state that these are plea-bargain cases and that the appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The records support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeals for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).